

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-85,920-01

**EX PARTE JERREL ANTHONY MARTIN, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1443272-A IN THE 208TH DISTRICT COURT
FROM HARRIS COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest and sentenced to eight years' imprisonment. His appeal was dismissed. *Martin v. State*, No. 01-15-00015-CR (Tex. App.—Houston [1st Dist.] Mar. 10, 2015) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because, among other things, counsel mis-advised him about the potential punishment range.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). Applicant's

attorneys filed responses to his claims, but in these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to provide a supplemental response to Applicant's claim of ineffective assistance of counsel specifying the factual basis for advice that Applicant could face imprisonment for between twenty-five and ninety-nine years or life in this case. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant could have faced the habitual offender punishment range in this case. TEX. PENAL CODE § 12.42(d) (West 2014). Should the court determine that counsel erred, it shall make specific findings determining whether counsel's deficient performance caused Applicant's decision to plead guilty to be involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed: January 11, 2017
Do not publish